# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| Michael James HUGGINS,<br><br>　　　　　　Petitioner,<br><br>　　v.<br><br>Michael MARTEL,<br>Acting Warden of San Quentin State Prison,[1]<br><br>　　　　　　Respondent. | Case Number 3-6-cv-7254-CRB<br><br>DEATH-PENALTY CASE<br><br>INITIAL CASE-MANAGEMENT ORDER |

On September 23, 2011, the Court appointed counsel for Petitioner in this capital habeas action. (Doc. No. 8.) Good cause appearing therefor, the Court enters this Initial Case-Management Order. *Cf.* Habeas L.R. 2254-26; Habeas L.R. 2254-27.

Within forty-five days from the date of this Order, the parties shall meet and confer to prepare, and shall file, a joint case-management statement and proposed order. In the statement, the parties shall discuss their preliminary views of anticipated proceedings in the present action. The statement shall include a proposed schedule for briefing any motion for equitable tolling of the statute of limitations, and proposed schedules for briefing any other motions that must be

---

[1] Michael Martel is automatically substituted for his predecessor as the named Respondent. *See* Fed. R. Civ. P. 25(d).

Case No. 3-6-cv-7254-CRB
INITIAL CASE-MANAGEMENT ORDER
(DPSAGOK)

addressed prior to the filing of a finalized petition[2] in the event that equitable tolling is granted; unless otherwise ordered, such motions will be decided on the papers.

Within forty-five days from the date of this Order, Respondent shall lodge with the Court two electronic copies (compact discs) of the material enumerated in Habeas Local Rule 2254-27(a). One copy shall be sent to chambers; the other copy shall be sent to the Court's Death Penalty Staff Attorney assigned to this action, George O. Kolombatovich. Respondent shall not lodge any paper copies.

*It is so ordered.*

DATED: Nov. 3, 2011

CHARLES R. BREYER
United States District Judge

---

[2] In capital habeas actions, "[t]he term 'finalized petition' shall refer to the petition filed by retained or appointed counsel. . . ." Habeas L.R. 2254-28(a).