IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL JAMES HUGGINS, | No. C 06-07254 YGR |
| Petitioner, | **ORDER RE MOTION FOR COMPETENCY DETERMINATION AND STAY OF HABEAS PROCEEDINGS** |
| v. | |
| KEVIN CHAPPELL, Warden of San Quentin State Prison, | |
| Respondent. | |

### **INTRODUCTION**

Petitioner Michael James Huggins, a condemned inmate at San Quentin State Prison, moves for a stay of these federal habeas proceedings pending a determination of his competency to proceed. Having considered the parties' filings, and good cause appearing, the Court GRANTS Petitioner's motion for competency determination and stay of habeas proceedings.

# LEGAL STANDARDS

## I. Competency In Federal Habeas Proceedings

A prisoner "has a statutory right to competence in his federal habeas proceedings. . . ." *Rohan ex. rel Gates v. Woodford*, 334 F.3d 803, 817 (9th Cir. 2003). The "relevant question" to determine competence in the federal habeas context is "whether [the petitioner] now has the capacity to understand his position and to communicate rationally with counsel." *Id.* at 819. "[W]here an incompetent capital habeas petitioner raises claims that could benefit from his ability to communicate rationally, refusing to stay proceedings pending restoration of competence denies him his statutory right to assistance of counsel, whether or not counsel can identify with precision the information sought." *Id.* Accordingly, in such a situation, federal habeas proceedings "must be stayed until [the petitioner] is competent." *Id.*; *see also*, *Blair v. Martel*, 645 F.3d 1152, 1154 (9th Cir. 2011) (holding that unless a petitioner "has the capacity to understand his position and to communicate rationally with counsel the district court must stay habeas proceedings until the petitioner regains that capacity.")

## II. Federal Rule of Civil Procedure 35(a)

This Court has the authority to order a competency determination of Petitioner pursuant to Rule 35(a) of the Federal Rules of Civil Procedure, which reads in pertinent part:

> The court where the action is pending may order a party whose mental or physical condition -- including blood group -- is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner. The court has the same authority to order a party to produce for examination a person who is in its custody or under its legal control.

*See Schlagenhauf v. Holder*, 379 U.S. 104, 118 (1964) (discussing good cause and "in controversy" requirement of Rule 35(a)).

# DISCUSSION

In the present action, as in *Gates*, Petitioner has raised "claims that could benefit from his ability to communicate rationally," such as claims of ineffective assistance of counsel and conflict of interest. *Gates* 334 F.3d at 818-19; *Nash v. Ryan*, 581 F.3d 1048, 1054 (9th Cir. 2009); *In re Gonzalez,* 623 F.3d 1242, 1245 (9th Cir. 2010). In addition, Petitioner's counsel has submitted substantial evidence that indicates that Petitioner may lack "the capacity to communicate rationally

2

with counsel." *Gates*, 334 F.3d at 819. For example, Petitioner's counsel has shown that Petitioner's competency has been at issue since shortly after his arrest in 1986. Though he was found incompetent to stand trial by two court-appointed doctors, he was ultimately found competent by the trial court and the matter proceeded to trial.

Petitioner's attorneys also aver that their recent communications with Petitioner have raised significant concerns regarding Petitioner's ability to communicate rationally and assist in his federal habeas proceedings. Due to these concerns, habeas counsel retained psychiatrist Pablo Stewart to conduct a forensic mental health examination of Petitioner. In addition to reviewing documents regarding Petitioner's mental health history, Dr. Stewart has met with Petitioner twice at San Quentin State Prison.

On July 27, 2012, Dr. Stewart presented Petitioner's habeas counsel with a report, now before this Court (Ex. B to Petitioner's Motion), that diagnoses Petitioner with several mental health conditions, including Post-Traumatic Stress Disorder, Traumatic Brain Injury and Borderline Intellectual Functioning. Additionally, Dr. Stewart has concluded that Petitioner's mental conditions prevent him from communicating with his counsel and assisting in the current proceedings.

Respondent counters that, despite the above, Petitioner has not made an adequate showing of incompetency, pointing to the fact that Petitioner had previously been found competent prior to his state court trial, and that Petitioner has engaged in some communication with his habeas attorneys. Petitioner's motion, however, is not for a finding that Petitioner is incompetent, but instead a motion for a examination into Petitioner's competency. A 26-year-old competency determination does not foreclose this Court's ability to determine Petitioner's current competency, particularly when this Court is in receipt of a recent report from an expert alleging that Petitioner is not able to communicate with his attorneys nor assist them with the current proceeding. Pursuant to FRCP 35(a), this Court may order a hearing if Petitioner has made a showing that his competency is "in controversy." Because, *inter alia*, Petitioner has submitted a report from an expert who has recently evaluated Petitioner and found him to be incompetent, and because Petitioner's competency or lack thereof impacts the ability of his habeas case to proceed, his present mental state is "in controversy"

within the meaning of Rule 35.[1]

Respondent also maintains that AEDPA's limitations on judicial review, which were not applicable in *Gates*, diminish the need for rational communication between counsel and a capital petitioner. The Ninth Circuit, however, has rejected this argument, stating that "[t]he AEDPA does not modify or diminish counsel's statutory duty to provide meaningful representation, and to communicate with a petitioner to the extent necessary to accomplish that objective." *Nash*, 581 F.3d at 1054 (holding that, even though an appeal is record-based, the right to competence extended to federal habeas appeals because appellate counsel may need to communicate with his client in order to pursue the most compelling arguments on appeal).

Respondent also argues that the Supreme Court's recent decision in *Cullen v. Pinholster*, 131 S. Ct. 1388, 1398 (2011) (holding that "review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits") curtails the relevance of Petitioner's competency on federal habeas. Respondent, who cites to no cases on point regarding his argument, suggests that *Pinholster's* prohibition on the consideration of new evidence in federal court, and the resultant necessity of counsel's reliance on the state court record to present a prisoner's claim, mean that less rational communication is needed from a petitioner in order for his or her attorneys to properly litigate a habeas claim.

Respondent is incorrect. As discussed *supra*, the Ninth Circuit has already held that AEDPA's limitations on review do not abrogate a habeas petitioner's right to competency and confirmed the need for rational communication between counsel and a capital habeas petitioner in contexts other than the development of new evidence. *Nash*, 581 F. 3d at 1054. Similarly, in *Gonzalez,* 623 F.3d at 1245, the Ninth Circuit declined to find that competency is irrelevant even when the only remaining claims are record-based or purely legal claims. Accordingly, there is no support for Respondent's argument, and Petitioner has made the requisite showing that he is entitled to a competency evaluation.

---

[1] The Court reiterates that it is not, at this juncture, finding that Petitioner is actually incompetent to proceed with his federal habeas matter.

## **CONCLUSION**

For the foregoing reasons,

1. Petitioner's motion for a competency evaluation and a stay of habeas proceedings is GRANTED.

2. The parties are ORDERED to meet and confer and, within **sixty (60) days** of the date of this Order, the parties shall file a joint case management statement proposing a schedule and procedures for determination of Petitioner's competency.

IT IS SO ORDERED.

DATED: September 27, 2012

**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**