IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL JAMES HUGGINS,<br><br>    Petitioner,<br><br>  v.<br><br>KEVIN CHAPPELL, Warden of San Quentin State Prison,<br><br>    Respondent. | No. C 06-07254 YGR<br><br>**ORDER RE MOTION TO VACATE STAY** |

## **INTRODUCTION**

Petitioner Michael James Huggins is a condemned inmate at San Quentin State Prison. On September 27, 2012, the Court granted Petitioner's motion to stay these proceedings pending a competency determination. On January 10, 2013, the Court granted the parties' joint motion to continue the competency determination pending the decision of the United States Supreme Court in *Ryan v. Gonzales*, No. 10-930, *cert. granted* 132 S. Ct. 1738 (2012). On January 8, 2013, the Supreme Court issued a decision, *Ryan v. Gonzales*, ___ U.S. ___, 133 S. Ct. 696. Based on *Ryan*, Respondent now moves to vacate the stay; Petitioner opposes the motion.

Pursuant to Civil Local Rules 7-1(b) and 7-6, the Court finds that this matter is appropriate for submission on the papers without oral argument. Having considered the parties' filings, the Court DENIES Respondent's motion to vacate the stay.

## **DISCUSSION**

The Court's earlier decision staying the case pending a competency determination was based on Petitioner's showing that his competency was at issue, including a psychiatrist report diagnosing Petitioner with several mental health conditions, and the Ninth Circuit's decision in *Rohan ex. rel Gates v. Woodford ("Gates")*, 334 F.3d 803, 817 (9th Cir. 2003). *Gates* held that a capital prisoner "has a statutory right to competence in his federal habeas proceedings. . . ." *Id.* at 817. In addition, *Gates* authorized indefinite stays, until an incompetent petitioner regained competency. *Id.* at 819; *see also Blair v. Martel*, 645 F.3d 1152, 1154 (9th Cir. 2011).

On January 8, 2013, the Supreme Court decided *Ryan v. Gonzales*, abrogating *Gates* and holding that an incompetent capital prisoner has no right to an indefinite stay of habeas proceedings. 133 S. Ct. 696, 706-709. The Court further held that while the decision to grant a temporary stay is within the discretion of the district court, an indefinite stay is inappropriate if there is no reasonable hope the petitioner will regain competence in the foreseeable future. *Id.*

Respondent argues that, pursuant to *Ryan*, the stay in this case should be lifted. He maintains that, even though Petitioner's competency has not been determined, Petitioner cannot demonstrate that he could reasonably provide any substantial assistance to his counsel on any of his anticipated federal habeas claims, thus rendering the question of Petitioner's competence irrelevant to these proceedings.

Respondent is incorrect, and his motion to vacate the stay is premature. The Court has already stated that there are claims that could benefit from Petitioner's assistance. *See* Order Re Motion for Competency Determination and Stay of Habeas Proceedings, filed September 27, 2012. Moreover, the stay currently in place is not the indefinite stay of an incompetent prisoner disallowed by *Ryan*. Rather, it is a temporary stay pending a determination of Petitioner's competency. Petitioner has alleged, and the Court has found, that: 1) Petitioner has made an adequate showing of incompetency, such that a determination of his competence is warranted; and 2) there are claims that could benefit from Petitioner's assistance. As the Court made clear in its earlier Order, the Court is not finding at this juncture that Petitioner is actually incompetent.

Accordingly, the Court has determined that the proper course at this juncture is to allow the

2

current stay to remain pending a determination of whether Petitioner is actually incompetent. The *Ryan* Court made clear that while indefinite stays were not permitted, district courts did not need "unsolicited advice from [the Supreme Court] on how to manage their dockets" and that the decision to grant a stay is "'generally left to the sound discretion of district courts.'" 133 S. Ct. at 708 (citing *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007)). If Petitioner is competent, the stay will be lifted and the case will proceed. If Petitioner is incompetent, it will remain to be determined whether his competency is restorable. If so, pursuant to *Ryan*, a temporary stay of proceedings pending the restoration of competency is permissible. *See* 133 S. Ct. 696, 706-709. The Court also notes that in at least one other capital habeas case in this District, *Stanley v. Chappell*, 07-4727 (EMC), a stay pending a competency determination has remained in place even after the *Ryan* decision. Respondent's motion is therefore DENIED.

## CONCLUSION

For the foregoing reasons,

1. Respondent's motion to vacate the stay is DENIED.

2. The parties are ORDERED to meet and confer and, within **sixty (60) days** of the date of this Order, the parties shall file a joint case management statement proposing a schedule and procedures for determination of Petitioner's competency.

3. Petitioner's counsel is ORDERED to be mindful of the fact that, once the stay is lifted, the Amended Petition will have to be filed. Accordingly, Petitioner's counsel should proceed diligently on preparation of the Amended Petition as well as on the issues surrounding Petitioner's competency.

IT IS SO ORDERED.

DATED: March 6, 2013

YVONNE GONZALEZ ROGERS
UNITED STATES DISTRICT COURT

3