United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL JAMES HUGGINS, | No. C 06-07254 YGR |
| Petitioner, | **ORDER RE MOTION TO STAY PENDING EXHAUSTION** |
| v. | |
| KEVIN CHAPPELL, Warden of San Quentin State Prison, | |
| Respondent. | |

### **INTRODUCTION**

Petitioner Michael James Huggins is a condemned inmate at San Quentin State Prison. On September 27, 2012, the Court granted Petitioner's motion to stay these proceedings pending a competency determination. On January 10, 2013, the Court granted the parties' joint motion to continue the competency determination pending the decision of the United States Supreme Court in *Ryan v. Gonzales*, No. 10-930, *cert. granted* 132 S. Ct. 1738 (2012). On January 8, 2013, the Supreme Court issued a decision, *Ryan v. Gonzales*, ___ U.S. ___, 133 S. Ct. 696. Based on *Ryan*, Respondent moved to vacate the stay; the Court denied Respondent's motion and ordered the parties to submit a proposed schedule and procedures for determining Petitioner's competency.

The parties have since jointly submitted a Motion to Stay Federal Habeas Corpus Proceedings Pending Petitioner's Exhaustion In State Court of Claim Pursuant to *Atkins v. Virginia.*

Petitioner avers that he has a viable claim that he is ineligible for execution under *Atkins v. Virginia*, 536 U.S. 304 (2002) (holding that execution of the mentally retarded violates the Eighth Amendment). Accordingly, Petitioner and Respondent jointly move to stay federal proceedings pursuant to *Rhines v. Weber*, 544 U.S. 269 (2005) (authorizing a district court to stay federal habeas proceedings while a petitioner pursues unexhausted claims in state court), while Petitioner pursues his *Atkins* claim in state court.

The Court has reviewed the parties' submissions and agrees that allowing the state court to resolve Petitioner's *Atkins* claim prior to continuing with further federal court proceedings is the most efficient course of action. The Court notes, however, that Petitioner may have other unexhausted claims in his federal petition currently on file.[1] At a minimum, any unexhausted portions of Petitioner's guilt-phase claims, which would survive even if Petitioner is found to be ineligible for execution under *Atkins*, should also be brought to the state court's attention. Otherwise, there is a strong likelihood that Petitioner will again have to return to state court after the *Atkins* claim is resolved.

Accordingly, the Court ORDERS the parties to jointly submit a statement regarding any unexhausted portions of Petitioner's guilt phase claims within 60 (sixty) days of the date of this Order. After review of that statement, the Court will issue an order regarding abeyance.

IT IS SO ORDERED.

DATED: May 3, 2013

**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT**

---

[1] The Court is aware that Petitioner has the option to file an Amended Petition. Nonetheless, the Court finds that the most efficacious course of action at this juncture is for Petitioner to litigate as many unexhausted guilt phase claims as possible when he is also litigating his *Atkins* claim before the state court.

2