IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MICHAEL JAMES HUGGINS,

        Petitioner,

v.

KEVIN CHAPPELL, Warden of San Quentin State Prison,

        Respondent.

                                        /

No. C 06-07254 YGR

**ORDER RE MOTION TO STAY PENDING EXHAUSTION**

      Petitioner Michael James Huggins is a condemned inmate at San Quentin State Prison. On September 27, 2012, the Court granted Petitioner's motion to stay these proceedings pending a competency determination. On January 10, 2013, the Court granted the parties' joint motion to continue the competency determination pending the decision of the United States Supreme Court in *Ryan v. Gonzales*, No. 10-930, *cert. granted* 132 S. Ct. 1738 (2012). On January 8, 2013, the Supreme Court issued a decision, *Ryan v. Gonzales*, ___ U.S. ___, 133 S. Ct. 696. Based on *Ryan*, Respondent moved to vacate the stay; the Court denied Respondent's motion and ordered the parties to submit a proposed schedule and procedures for determining Petitioner's competency.

      The parties have since jointly submitted a Motion to Stay Federal Habeas Corpus Proceedings Pending Petitioner's Exhaustion In State Court of Claim Pursuant to *Atkins v. Virginia*. Petitioner avers that he has a viable claim that he is ineligible for execution under *Atkins v. Virginia*,

536 U.S. 304 (2002) (holding that execution of the mentally retarded violates the Eighth Amendment). Accordingly, Petitioner and Respondent jointly move to stay federal proceedings pursuant to *Rhines v. Weber*, 544 U.S. 269 (2005) (authorizing a district court to stay federal habeas proceedings while a petitioner pursues unexhausted claims in state court), while Petitioner pursues his *Atkins* claim in state court. Pursuant to this Court's earlier Order of May 3, 2013, the parties have also jointly submitted a list of guilt-phase claims that are unexhausted and appropriate for review by the state court.

The Court has reviewed the parties' submissions and agrees that allowing the state court to resolve Petitioner's *Atkins* claim prior to continuing with further federal court proceedings is the most efficient course of action. In the interests of judicial economy, any unexhausted portions of Petitioner's guilt-phase claims – which would survive even if Petitioner is found to be ineligible for execution under *Atkins* – should also be brought to the state court's attention.

Accordingly, for good cause shown, it is hereby ORDERED that:

1) Pursuant to *Rhines v. Weber*, 544 U.S. 269 (2005), federal proceedings in this matter are STAYED until the California Supreme Court rules on Petitioner's state habeas petition;

2) Petitioner will inform the Court of the date of filing of his state habeas petition, and submit quarterly status reports thereafter;

3) Petitioner's federal habeas counsel may represent him during the exhaustion proceedings in state court.

IT IS SO ORDERED.

DATED: August 15, 2013

YVONNE GONZALEZ ROGERS
UNITED STATES DISTRICT COURT