**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **MICHAEL JAMES HUGGINS,**<br><br>    Petitioner,<br><br>    vs.<br><br>**RON BROOMFIELD, Warden of San Quentin State Prison**<br><br>    Respondent. | Case No.  06-07254 YGR<br><br>**ORDER REGARDING PROPOSED BRIEFING SCHEDULE** |

Pursuant to the Court's Order of January 15, 2021, the parties have submitted a proposed briefing schedule to address petitioner's remaining habeas claims following Alameda County Superior Court's vacatur of his death sentence on December 15, 2020.  (ECF Doc. No. 86)  Petitioner proposes that he file an amended petition by December 10, 2021.  He asserts that pursuant to *Smith v. Williams*, 871 F.3d 684 (9th Cir. 2017), the state court's intervening judgment triggers a renewed limitations period for any federal habeas claims arising from his convictions and sentences, and that the new limitations period expires on December 15, 2021.

In *Smith*, the Ninth Circuit held that an amended judgment of conviction is considered a new judgment, starting a new one-year limitations period under 28 U.S.C. § 2244(d).  *Id*. at 688; *but see Magwood v. Patterson*, 561 U.S. 320, 342 n. 16 (2010) ("several Courts of Appeals have held that a petitioner who succeeds on a first habeas application and is resentenced may challenge only the 'portion of a judgment that arose as a result of a previous successful action.' *Lang v. United States*, 474 F.3d 348, 351-352 C.A.6 2007) (citing decisions); *see also Walker*, *supra*, at 455; *Esposito v. United States*, 135 F.3d 111, 113-114 (C.A.2 1997)").

Respondent disagrees with a December 10, 2021 deadline, contending that *Smith* does not apply to petitioner's case because *Smith* involved an initial petition rather than an amendment to a pending petition, as is the case here. Respondent proposes that petitioner be granted 90 days to amend his petition without prejudice to his right to request further extensions of time.

Because respondent agrees to the grant of an extension of time without prejudice to refiling, the Court need not decide whether Alameda County Superior Court's vacatur of petitioner's death sentence triggers a new statute of limitations under *Smith*. Accordingly, petitioner's amended petition is due within 90 days of the date of this Order. Petitioner may subsequently submit a request for an additional extension of time if necessary.

**IT IS SO ORDERED**.

Dated: May 4, 2021

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**